UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UTSTARCOM, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STARENT NETWORKS CORP.,<br><br>　　　　Defendant. | Case No.: C04-1122 PVT<br><br>**ORDER DISMISSING COUNTER-CLAIM TO THE EXTENT IT SEEKS A DECLARATION THAT THE ASSERTED CLAIMS ARE INVALID AND/OR UNENFORCEABLE** |

　　　　On December 6, 2005, the court granted Defendant's motion for summary judgment of non-infringement of U.S. Patent No. 6,628,671 ("the '671 Patent").[1]  However, before the court may enter judgment in this case, it must first dispose of Defendant's counterclaim for declaratory relief based on its contention that the asserted claims are invalid and/or unenforceable. *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed.Cir. 2003) (a "judgment that does not dispose of pending counterclaims is not a final judgment").  Based on the file herein,

　　　　IT IS HEREBY ORDERED that, to the extent Defendant's counterclaims seek a declaration that Claims 1 and 2 of the '671 Patent[2] are invalid and/or unenforceable, the

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The parties respective claims and counterclaims were narrowed by the Case Management Conference Order and UTStarcom's Infringement Contentions.  In the Case Management Order, the court expressly adopted the parties' statement of disputed factual and legal issues set forth in their Joint Case Management Conference Statement.  The parties' statement of disputed factual and legal issues omitted any reference to any claims of the '671 Patent other than the "asserted" claims. UTStarcom's Infringement Contentions clarify that only Claims 1 and 2 were asserted in this action.

counterclaim is MOOT, and is thus DISMISSED without prejudice.

      Although the Supreme Court has expressed a preference that trial courts address any questions regarding the validity of patent along with the issue of non-infringement (*see Sinclair & Carroll Co. v. Interchemical Corp.*, 325 U.S. 327, 330 (1945)), the Court has also held that once a trial court rules there has been no infringement it may *not* adjudicate the validity issue (*see Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 335 n.7 (1980), *citing Electrical Fittings Corp. v. Thomas & Betts Co.*, 307 U.S. 241 (1939)).  The Federal Circuit has also repeatedly held that a trial court may dismiss invalidity claims as moot once it finds there is no infringement.  *See, e.g., Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed.Cir. 1998) (district court has discretion to dismiss invalidity counterclaim as moot where it finds no infringement).

Dated:   *12/12/05*

                                          PATRICIA V. TRUMBULL
                                          United States Magistrate Judge